IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLTON HOWARD                                                                                               PETITIONER

v.                                          Case No. 1:25-cv-01023

DAVID NORWOOD                                                                                              RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody. ECF No. 1. This Petition was filed by Carlton Howard ("Howard") on March 24, 2025. ECF No. 1. No response has been filed and no service has been ordered. This Petition has been referred to the undersigned and is now ripe for consideration.

**I.      BACKGROUND**

Howard's claims in the instant Petition relate to him being held in custody in the Ouachita County Jail in Camden, Arkansas. According to the state court docket in Ouachita County, Howard is the defendant in two ongoing state court criminal cases.[1] In his Petition Howard states he is "still waiting" for a judgment or conviction, and "awaiting for a plea still waiting on my public Defender. Its like they trying to keep me in the dark about my case." ECF No. 1, pp. 1-2.

Howard sets forth three grounds for his release: 1) violation of constitutional rights under the Eighth Amendment; 2) "violation of isolation confinement"; and 3) "violation of civil rights". *Id.* at pp. 6-10. For relief in the instant Petition, Howard seeks to be "release from jail to fight my case better by getting me a better lawyer cause at this point its like the only thing they want is jail time." *Id.* at p. 15.

---

[1] The dockets in Howard's state court cases are accessible through https://caseinfo.arcourts.gov. Howard's case numbers are 52CR-24-274 *State v. Carlton Howard* (Ouachita County Circuit Court); and 52CR-24-275 *State v. Carlton Howard* (Ouachita County Circuit Court).

1

## II. DISCUSSION

Howard filed this Petition pursuant to 28 U.S.C. § 2254. Section 2254 requires that a petitioner be "in custody pursuant to the judgment of a State court . . ." Here, Petitioner by his own pleading admits he is not yet in custody pursuant to any state court judgment. Further, under the plain language of 28 U.S.C. § 2254(b), this Petition cannot be granted "unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Howard is awaiting trial, there are clearly state remedies available to him. Under the clear terms of Subsection A, this Petition cannot be considered until Howard has exhausted his state court remedies. Additionally, pursuant to Subsection B, there has been no demonstration or claim that there are no State court processes which could be used by Howard to obtain relief for the claims he makes here.

## III. CONCLUSION

Accordingly, because such a Petition is not ripe for consideration by this Court, it is recommended this Petition under 28 U.S.C. § 2254 be **DENIED** without prejudice.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 17th day of April 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

2